**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| RAJESH SINGH, PH.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:15-cv-09369-JWL-TJJ |
| ) | |
| MICHAEL D. SHONROCK, Ph.D., DAVID P. ) | |
| CORDLE, PH.D., GWEN ALEXANDER, PH.D., ) | |
| and ANDREW J. M. SMITH, PH.D., ) | |
| ) | |
| Defendants. ) | |

## ANSWER AND JURY DEMAND OF DEFENDANTS SHONROCK, CORDLE, ALEXANDER & SMITH

Defendants Michael D. Shonrock, Ph.D., David P. Cordle, Ph.D., Gwen Alexander, Ph.D., and Andrew J. M. Smith, Ph.D. answer Plaintiff's Complaint as follows:

1. All allegations of Plaintiff's pretended Complaint not specifically admitted are denied.

2. In response to ¶ 1, Defendants admit that Plaintiff brings this case under federal law, but denies that plaintiff has any viable or legitimate claims.

3. In response to ¶ 2, Defendants admit that this court has venue over the type of claims brought under federal law by Plaintiff, but denies that Plaintiff has any viable or legitimate claims.

4. In response to ¶ 3, Defendants deny that Plaintiff has met all administrative prerequisites and conditions precedent to bring his Complaint. Plaintiff entered into a Stipulation of Dismissal by and through his former counsel, Alan L. Rupe #08914 and Jeremy K. Schrag

#24164, of Lewis, Brisbois, Bisgaard and Smith LLP, of his Petition for Judicial Review under the Kansas Judicial Review Act (K.S.A. 77-601 *et seq.*) in the District Court of Lyon County, Kansas, case number 2015-CV-000014, against Emporia State University ("ESU") concerning the subject matter of this Complaint. Therefore, Plaintiff failed to exhaust his administrative remedies in accordance with the requirements of K.S.A. 77-603 and K.S.A. 77-606 and his claims under this Complaint should thus be barred.

5. In response to ¶ 4, Defendants admit plaintiff was hired by ESU on June 2, 2009, as an Assistant Professor in the School of Library and Information Management ("SLIM"), which was a tenure-track position. Defendants admit Dr. Singh's skin color is brown. However, Defendants lack sufficient information to either admit or deny his national origin and race and for that reason deny the same. Plaintiff's allegations in ¶ 4 that are beyond, different than or inconsistent with the foregoing admissions are denied.

6. Defendants lack sufficient information to either admit or deny Plaintiff's allegations in ¶ 5 and for that reason deny the same.

7. Defendants admit to ¶¶ 6 through 10.

8. In response to ¶¶ 11 and 12, it is admitted that plaintiff asserts claims against defendants, it is denied that plaintiff is entitled to relief and it is denied that Drs. Alexander, Smith, Cordle and/or Shonrock are liable in any respect.

9. Paragraph 13 is admitted.

10. Defendants admit that the Plaintiff met with Defendant Dean Alexander on June 23, 2010 and discussed the topic of salary equity with Defendant Smith and Ms. Sheila O'Hare. However, Defendants are without sufficient information to either admit or deny Plaintiff's

allegations in ¶ 14 that are beyond, different than or inconsistent with the foregoing admissions and for that reason deny the same.

11.  Defendants deny Plaintiff's allegations contained in ¶¶ 15 through 18.

12.  Defendants admit that Plaintiff pursued an appeal to Provost Mehring but deny the remainder of Plaintiff's allegations in ¶ 19 that are beyond, different than or inconsistent with the foregoing admission.

13.  In response to ¶ 20, Defendants admit that President Shonrock appointed Dean Alexander as Interim Provost in 2012 and that Defendant Smith served as Interim Dean for SLIM in 2012. However, Defendants are without sufficient information to either admit or deny Plaintiff's allegation that Dean Alexander recommended the appointment of Defendant Smith as Interim Dean for SLIM in 2012 and for that reason deny the same. Defendants deny the remainder of Plaintiff's allegations in ¶ 20 that are beyond, different than or inconsistent with the foregoing admissions and exclusions.

14.  Defendants deny Plaintiff's allegations contained in ¶¶ 21, 22, 23 and 24.

15.  Defendants admit to ¶¶ 25 through 27.

16.  Defendants admit that SLIM's "Policies and Procedures for Faculty Recognition" ("SLIM FR") and ESU's "University Policy Manual" provide for consideration of teaching, research, and service in the evaluation process. However, Defendants deny the remainder of Plaintiff's allegations in ¶ 28 that are beyond, different than or inconsistent with the foregoing admission.

17.  Defendants deny Plaintiff's allegations contained in ¶ 29.

18.  Defendants admit that the Faculty Promotion Committee ("FPC") included "Additional Comments" in their evaluation letters of Plaintiff, which were referred to, in part, by

Defendant Alexander in her evaluations. However, Defendants deny the remainder of Plaintiff's allegations in ¶ 30 that are beyond, different than or inconsistent with the foregoing admissions.

19. Defendants deny Plaintiff's allegations contained in ¶ 31.

20. Defendants acknowledge that "Additional Comments" were included in the FPC's evaluation letters of Plaintiff but deny the remainder of Plaintiff's allegations in ¶ 32 that are beyond, different than or inconsistent with the foregoing admissions.

21. Defendants acknowledge that the FPC's evaluations of Plaintiff were acknowledged by either Dean Alexander or Dean Smith, depending on the evaluation year, in letters written to the Defendant and that said letters referenced the FPC's "Additional Comments" concerning "collegiality". However, Defendants deny the remainder of Plaintiff's allegations in ¶ 33 that are beyond, different than or inconsistent with the foregoing admissions.

22. Defendants are without sufficient information to either admit or deny Plaintiff's allegations in ¶ 34 and for that reason deny the same.

23. Defendants admit that the December 2011 FPC evaluation of Plaintiff includes the statements that Plaintiff "continues to receive good teaching evaluations from students", "demonstrates strength in research" and that his "service is adequate for an untenured faculty member". However, Defendants deny the remainder of Plaintiff's allegations in ¶ 35 that are beyond, different than or inconsistent with the foregoing admissions.

24. Defendants admit that Defendant Alexander issued a letter to Plaintiff dated March 1, 2012 commending the Plaintiff for his "teaching, service, and scholarship for 2011." However, Defendants deny the remainder of Plaintiff's allegations in ¶ 36 that are beyond, different than or inconsistent with the foregoing admissions.

25. Defendants admit that the December 2012 FPC evaluation of Plaintiff includes the statements that "His portfolio provided evidence that he changes classes in an effort to improve as a teacher", "Dr. Singh demonstrates strength in research" and "Dr. Singh's portfolio shows that he has served on SLIM and University committees. He has been active in SLIM's curriculum review and course changes in the past year. We would like to see an increase in regional or national service." However, Defendants deny the remainder of Plaintiff's allegations in ¶ 37 that are different than or inconsistent with the foregoing admissions.

26. Defendants admit that Defendant Smith issued a letter to Plaintiff dated February 1, 2013 commending the Plaintiff for his "teaching, service, and scholarship in 2012." However, Defendants deny the remainder of Plaintiff's allegations in ¶ 38 that are beyond, different than or inconsistent with the foregoing admissions.

27. Defendants admit the 2011 and 2012 FPC evaluations included "Additional Comments" that were protested in writing by the Plaintiff. However, Defendants deny the remainder of Plaintiff's allegations in ¶ 39 that are beyond, different than or inconsistent with the foregoing admissions.

28. Defendants admit Defendant Alexander and Plaintiff ate dinner together at a conference in October 2013. However, Defendants deny the remainder of Plaintiff's allegations in ¶ 40 that are beyond, different than or inconsistent with the foregoing admissions.

29. Defendants deny Plaintiff's allegations contained in ¶ 41.

30. Defendants admit that the FPC's letter to Defendant Alexander dated November 15, 2013 contains the following statements: the FPC "did not find evidence of specific examples of course changes Dr. Singh made in response to student comments from IDEA or mid-semester reviews, nor did we find evidence of examples of his reasoning for making course changes in

response to student comments, upon his reflection of needed changes, or to improve student learning to meet SLIM's MLS program outcomes."; "FPC is also concerned about his section of LI801 in spring 2013. He states: 'I made substantial changes to 'Information Ethics Analysis' assignment after reflecting upon the first semester.' (Portfolio, p. 3 of 13; also in spring 2013 highlights.)  Dr. Singh did not discuss these changes with the SLIM faculty who also teach LI801 and share responsibility for the uniformity of the first semester experience. Over the past three years the SLIM faculty have been making a determined effort to standardize the course outcomes, and develop common assessments and rubrics in the required MLS courses so that we can ensure that all MLS students learn the same core topics. Dr. Singh's unilateral changes argue against his claims of faculty cooperation made within the portfolio and indicate to the FPC that he is not fully committed to the on-going MLS curriculum review."; and "The FPC is also concerned that Dr. Singh appears to use group work for the majority of grading in his classes; for example, LI805 in fall 2012 and spring 2013 and LI801 in fall 2012 and spring 2013.  Such work does not allow him, or SLIM, to be able to document the progress of individual students, particularly in core courses. This also has an impact on the data that we can provide for the 2015 accreditation reviews by HLC and ALA." However, Defendants deny the remainder of Plaintiff's allegations in ¶ 42 that are beyond, different than or inconsistent with the foregoing admissions.

31.     Defendants admit that the FPC Letter to Defendant Smith dated December 3, 2012 includes the following statement: "Dr. Singh demonstrates strength in research, particularly in the number of presentations he makes." Defendants admit that the Letter from Interim Dean Smith to Plaintiff dated February 1, 2013 includes the following statement: "You are right to include the goal of publication in peer-reviewed journals or conference proceedings, as this will strengthen your research portfolio. You may wish to consider collaboration with your faculty colleagues who

are already successful in this area as a means to this end." Defendants are without sufficient information to either admit or deny Plaintiff's allegation that in 2013 he published two articles in peer reviewed journals and for that reason deny the same. Defendants acknowledge that the FPC's letter to Defendant Alexander dated November 15, 2013 contains the following statement: "The FPC is concerned that Dr. Singh's research agenda is not progressing on an appropriate path." However, Defendants deny the remainder of Plaintiff's allegations in ¶ 43 that are beyond, different than or inconsistent with the foregoing admissions and exclusions.

32. Defendants admit that the FPC Letter to Defendant Smith dated December 3, 2012 includes the following statement: "Dr. Singh demonstrates strength in research, particularly in the number of presentations he makes." Defendants admit that the Letter from Interim Dean Smith to Plaintiff dated February 1, 2013 includes the following statement: "You are right to include the goal of publication in peer-reviewed journals or conference proceedings, as this will strengthen your research portfolio. You may wish to consider collaboration with your faculty colleagues who are already successful in this area as a means to this end." Defendants are without sufficient information to either admit or deny Plaintiff's allegation that in 2012 Plaintiff published one non-refereed publication in a respected Canadian journal aimed at library and information professionals and in 2013 published two articles in peer reviewed journals and for that reason deny the same. However, Defendants deny the remainder of Plaintiff's allegations in ¶ 44 that are beyond, different than or inconsistent with the foregoing admissions and exclusions.

33. Defendants admit that Defendant Alexander and Defendant Smith met with Plaintiff on January 29, 2013 to discuss his annual evaluation. However, Defendants deny the remainder of Plaintiff's allegations in ¶ 45 that are beyond, different than or inconsistent with the foregoing admissions.

34. Defendants admit the 2011 through 2013 FPC evaluations included "Additional Comments". However, Defendants deny the remainder of Plaintiff's allegations in ¶ 46 that are beyond, different than or inconsistent with the foregoing admissions.

35. Defendants deny Plaintiff's allegations contained in ¶¶ 47 through 48.

36. Defendants are without sufficient information to either admit or deny Plaintiff's allegations in ¶ 49 and for that reason deny the same.

37. Defendants admit that Section 1B.06 Academic Freedom of ESU's "University Policy Manual" states: "Emporia State University believes the policies and guidelines developed by the American Association of University Professors, in its *1940 Statement of Principles on Academic Freedom and Faculty Tenure with 1970 Interpretive Comments*, are reasonable and prudent. The University endorses them insofar as they are compatible with the laws of the state of Kansas and the policies of the Kansas Board of Regents in decisions and actions that are pertinent." However, Defendants are without sufficient information to either admit or deny whether ESU has three designated faculty AAUP representatives and for that reason deny the same. Defendants deny the remainder of Plaintiff's allegations in ¶ 50 that are beyond, different than or inconsistent with the foregoing admissions and exclusions.

38. Defendants deny Plaintiff's allegations contained in ¶ 51.

39. Defendants admit that Defendant Smith is a Caucasian foreign national professor, does not have a master's degree in library science, was hired a year after Plaintiff at a higher salary than Plaintiff and was given credit toward tenure based on his previous employment in accordance with ESU Policies and Procedures for Tenure and as approved by then Provost Mehring. Defendants deny that any of the foregoing are the result of discrimination. Defendants further admit that Defendant Smith holds the Postgraduate Diploma in Information and Library Studies,

the required professional library qualification in the United Kingdom. Defendant Smith studied at the University of Aberystwyth in Wales from 2008 to 2010, before joining the faculty in Emporia. Said postgraduate diploma course is accredited by both The Chartered Institute of Library and Information Professionals and The Institute of Information Professionals. Defendants deny the remainder of Plaintiff's allegations in ¶ 52 that are beyond, different than or inconsistent with the foregoing admissions and exclusions.

40.  Defendants admit ¶ 53.

41.  Defendants are without sufficient information to either admit or deny Plaintiff's allegations in ¶¶ 54 through 56 and for that reason deny the same.

42.  Defendants deny Plaintiff's allegations contained in ¶¶ 57 through 58.

43.  Defendants admit Defendant Smith served as Interim Dean of SLIM from August 2012 until July 2013 while still holding the rank of tenure track Assistant Professor, thereby becoming Plaintiff's administrative superior. Defendant Smith did submit his promotion portfolio in the fall of 2012, but was not granted tenure and promotion until August 2013, after completing his service as Interim Dean of SLIM. Defendants deny Defendant Smith was granted early tenure to associate professor and the remainder of Plaintiff's allegations in ¶ 59 that are beyond, different than or inconsistent with the foregoing admissions and exclusions.

44.   Defendants admit that Defendant Smith does not have a master's degree in library science. However, Defendants are without sufficient information to either admit or deny Plaintiff's allegation that Defendant Smith had not published a single peer reviewed journal article in a library science journal when he was approved for tenure and promotion and for that reason deny the same. Defendants further admit that Defendant Smith holds the Postgraduate Diploma in Information and Library Studies, the required professional library qualification in the United Kingdom.

Defendant Smith studied at the University of Aberystwyth in Wales from 2008 to 2010, before joining the faculty in Emporia. Said postgraduate diploma course is accredited by both The Chartered Institute of Library and Information Professionals and The Institute of Information Professionals. Defendants deny the remainder of Plaintiff's allegations in ¶ 60 that are beyond, different than or inconsistent with the foregoing admissions and exclusions.

45. Defendants deny Plaintiff's allegations contained in ¶ 61.

46. Defendants admit that Defendant Smith was a member of the 2013 FPC for Plaintiff but deny the remainder of Plaintiff's allegations in ¶ 62 that are beyond, different than or inconsistent with the foregoing admission.

47. Defendants admit that Defendant Alexander reviewed the 2013 Faculty Promotion Committee's evaluation, reached the same conclusion as the Committee as far as Plaintiff's development, fitness for the position, and prospect for attaining tenure, and recommended to Provost Cordle that Plaintiff not be reappointed. Defendants deny the remainder of Plaintiff's allegations in ¶ 63 that are beyond, different than or inconsistent with the foregoing admissions.

48. Defendants admit that Plaintiff received a "terminal appointment" as an assistant professor with ESU for the 2014-2015 academic year. Defendants deny the remainder of Plaintiff's allegations in ¶ 64 that are beyond, different than or inconsistent with the foregoing admissions.

49. Regarding ¶ 65, Defendants admit that Plaintiff wrote a rebuttal to the FPC's recommendation for termination on December 16, 2013, as he was allowed to do according to SLIM policy. However, Defendants are without sufficient information to either admit or deny Plaintiff's allegation that Plaintiff's rebuttal was "comprehensive" and "point-by-point" and for that reason deny the same.

50. Defendants admit that Defendant Alexander met with Plaintiff on January 10, 2014 to discuss the FPC's 2013 evaluation of Plaintiff. Defendants deny the remainder of Plaintiff's allegations in ¶ 66 that are beyond, different than or inconsistent with the foregoing admissions.

51. Defendants admit that Defendant Alexander sent a letter dated January 31, 2014 that included the following statement: "I have reached the same conclusion as the Committee as far as your development, fitness for the position, and prospect for attaining tenure. I am therefore recommending to Provost Cordle that you not be reappointed." Defendants deny the remainder of Plaintiff's allegations in ¶ 67 that are beyond, different than or inconsistent with the foregoing admissions.

52. Defendants admit to ¶ 68.

53. Defendants admit that Dr. Michael Morales met with Defendant Cordle and provided him with some written materials from Plaintiff rebutting the reasons SLIM had given recommending Plaintiff's non-reappointment. Defendants deny the remainder of Plaintiff's allegations in ¶ 69 that are beyond, different than or inconsistent with the foregoing exclusions.

54. Defendants are without sufficient information to either admit or deny Plaintiff's allegations in ¶ 70 and for that reason deny the same.

55. Defendants admit that Defendant Cordle sent a letter to Plaintiff dated February 28, 2014. Defendants deny the remainder of Plaintiff's allegations in ¶ 71 that are beyond, different than or inconsistent with the foregoing admission.

56. Defendants admit that Defendant Cordle met with Ombudsperson Morales. Defendants deny the remainder of Plaintiff's allegations in ¶ 72 that are beyond, different than or inconsistent with the foregoing admission.

57. Defendants deny Plaintiff's allegations contained in ¶ 73.

58. Defendants admit that on March 28, 2014 Plaintiff filed a grievance to appeal the decision not to renew Plaintiff's probationary faculty appointment at ESU. Defendants deny the remainder of Plaintiff's allegations in ¶ 74 that are beyond, different than or inconsistent with the foregoing admission.

59. Defendants deny ¶¶ 75 through 78 as stated.

60. Defendants admit to ¶¶ 79 through 80.

61. In response to ¶ 81, Defendants admit Plaintiff filed a Charge of Discrimination with the Kansas Human Rights Commission and the EEOC. However, Defendants lack sufficient information to either admit or deny Plaintiff's allegation as to the date of said filing and for that reason deny the same.

62. In response to ¶ 82, Defendants admit that on June 5, 2014, Defendant Alexander notified Plaintiff that he was not assigned to teach any courses and would not be provided an office. Defendants deny the remainder of Plaintiff's allegations in ¶ 82 that are beyond, different than or inconsistent with the foregoing admissions.

63. Defendants are without sufficient information to either admit or deny Plaintiff's allegations in ¶¶ 83 through 84 and for that reason deny the same.

64. Defendants admit to ¶¶ 85 through 86.

65. Defendants are without sufficient information to either admit or deny Plaintiff's allegations in ¶ 87 and for that reason deny the same.

66. In response to ¶ 88, Defendants admit that Plaintiff was allowed to submit documents in support of his position to the Grievance Committee. Defendants also admit that the Grievance Committee determined no issues remained unresolved precluding the need for a hearing on the complaint. Defendants are without sufficient information to either admit or deny whether

Plaintiff ever met with the Grievance Committee members and for that reason deny the same. Defendants deny the remainder of Plaintiff's allegations in ¶ 88 that are beyond, different than or inconsistent with the foregoing admissions and exclusions.

67. Defendants deny ¶ 89.

68. Defendants are without sufficient information to either admit or deny Plaintiff's allegations in ¶ 90 and for that reason deny the same.

69. Defendants deny ¶ 91.

70. Defendants deny ¶¶ 92 through 95.

71. In response to ¶¶ 96 through 97, Defendants admit that Defendant Shonrock issued a letter to Plaintiff dated January 9, 2015 containing the following statement: "In accordance with Emporia State University policy, this letter serves as the final disposition of your grievance submitted and reviewed by the grievance committee. Upon consideration and review of the findings and recommendations, I concur with the grievance committee. In addition, I have determined that the grievance committee's recommendation was reasonable, based on the evidence presented." Defendants deny the remainder of Plaintiff's allegations in ¶¶ 96 through 97 that are beyond, different than or inconsistent with the foregoing admissions.

72. Defendants deny ¶ 98.

73. Defendants deny ¶¶ 99 through 103.

74. Defendants are without sufficient information to either admit or deny Plaintiff's allegation in ¶ 104 and for that reason deny the same.

75. Defendants deny ¶¶ 105 through 106.

76. In response to ¶ 107, Defendants deny that Defendant's Exhibit "A" is an accurate visual demonstration of faculty turnover at the SLIM department under Dean Alexander.

Defendants are without sufficient information to either admit or deny Plaintiff's allegation that he prepared Exhibit "A" for the appeal process and for that reason deny the same.

77. Defendants deny ¶¶ 108 through 110.

78. Defendants are without sufficient information to either admit or deny Plaintiff's allegations in ¶ 111 and for that reason deny the same.

79. Defendants deny ¶¶ 112 through 113.

80. In response to ¶ 114, Defendants deny that alterations were made to the student comments on Plaintiff's summer 2013 course evaluation. Defendants are without sufficient information to either admit or deny Plaintiff's allegations concerning a Kansas Open Records Act request allegedly filed by Plaintiff to obtain the underlying, original data supporting the 2013 course evaluations and for that reason deny the same.

81. Defendants deny ¶ 115.

82. Defendants deny ¶ 116 as stated.

83. Defendants deny ¶ 117.

84. Defendants are without sufficient information to either admit or deny Plaintiff's allegations in ¶ 118 and for that reason deny the same.

85. Defendants deny ¶¶ 119 through 128.

86. In response to ¶ 129, Defendants admit that when Defendant Smith arrived at SLIM for the 2010-11 academic year, a year later than Plaintiff, Defendant Smith received a starting salary twenty-five hundred dollars higher than Plaintiff's. Defendants admit that it is common for new hires at the University to start with higher salaries than some current faculty members as the University attempts to keep abreast of a competitive hiring market. Defendants admit that the University attempts to close such gaps later on, as funds are available. Defendants admit that two

years later, for the 2012-13 academic year, Plaintiff's base salary was increased to make it equal to Defendant Smith's base salary.  However, starting with the 2012-13 academic year, Defendant Smith's total salary was higher because of the supplemental pay (above base salary) that he earned in administrative assignments. Defendant Smith also received an automatic three thousand dollar increase to his base salary for the 2013-14 academic year because of his promotion from assistant professor to associate professor. Defendants deny the remainder of Plaintiff's allegations in ¶ 129 that are beyond, different than or inconsistent with the foregoing admissions and exclusions.

87. Paragraph 130 purports to be a legal conclusion and therefore does not require a response. To the extent a response is required, Defendants deny ¶ 130.

88. Defendants deny ¶¶ 131 through 132.

### Count I – Individual Capacity 42 U.S.C. § 1983 Claim Against Defendants Alexander, Smith, Cordle, and Shonrock for Discrimination and Retaliation

89. Defendants deny ¶¶ 133 through 138.

90. Defendants deny the entirety of Plaintiff's unnumbered prayer for relief under Count I.

### Count II—Individual Capacity 42 U.S.C. § 1983 Claim Against Defendants Alexander, Smith, Cordle, and Shonrock for Due Process Violations

91. Defendants deny ¶¶ 139 through 143.

92. Defendants deny the entirety of Plaintiff's unnumbered prayer for relief under Count II.

93. Defendants are without sufficient information to either admit or deny Plaintiff's allegations in ¶ 144 and for that reason deny the same.

### Defenses

94. The Complaint fails to state a cause of action on which relief may be granted.

95. The Complaint fails to demonstrate that the Plaintiff is entitled to obtain judicial review.

96. At all times relevant to this Complaint, Defendants acted in a manner that was proper, reasonable, lawful, and in the exercise of good faith.

97. Plaintiff's claims are barred, in whole or in part, by the Eleventh Amendment to the United States Constitution and by Sovereign Immunity.

98. The individual defendants in their official capacities are immune from suit based on the Eleventh Amendment to the United States Constitution and Sovereign Immunity.

99. Defendants are immune from liability for Plaintiff's claims under state law, if any, in accordance with the provisions of the Kansas Tort Claims Act, including K.S.A. 75-6104.

100. Defendants are entitled to qualified immunity.

101. Plaintiff has failed to exhaust administrative remedies required by law.

102. Any actions taken concerning Plaintiff were taken based on legitimate business reasons and were fully justified.

103. Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by ESU concerning his actions and performance or to otherwise avoid harm.

104. Plaintiff has failed to mitigate his damages, but to the extent he has and nevertheless asserts economic damages, any recovery should be set off by whatever income, earnings, wages and/or benefits Plaintiff has received since the end of his terminal appointment with ESU.

105. Plaintiff's claims are barred by the doctrine of unclean hands. Plaintiff's hands are unclean as a result of his unprofessional, abusive, and inappropriate conduct towards his colleagues, coworkers, and superiors at ESU.

106. Defendants reserve their right to amend their Answer to assert such additional affirmative and other defenses as may revealed by further investigation and discovery.

WHEREFORE, Defendants respectfully request that the court grant judgment in their favor and against the Plaintiff, that the Defendants be awarded their costs and fees incurred herein, and that the court grant such other and further relief as is deemed just and equitable.

## DEMAND FOR JURY TRIAL

Defendants demand all appropriate fact issues be tried to a jury.

## DESIGNATION OF PLACE OF TRIAL

Wichita, Kansas is designated as the place of trial.

**FISHER, PATTERSON, SAYLER & SMITH, LLP**
3550 S.W. 5th Street
Topeka, Kansas  66606
Office:  (785) 232-7761 | Fax: (785) 232-6604
E-Mail:    dcooper@fisherpatterson.com
               aparker@fisherpatterson.com

**s/David R. Cooper**
David R. Cooper                                    #16690
**s/Austin K. Parker**
Austin K. Parker                                    #23654
**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing on the 4th day of January, 2016, with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

    Donald N. Peterson, II, dpeterson@withersgough.com
    Sean M. McGivern, smcgivern@withersgough.com
    **ATTORNEYS FOR PLAINTIFF**


                              **s/David R. Cooper**
112.30595                             David R. Cooper