## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RAJESH SINGH, PH.D.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 15-9369-JWL-GEB |
| ) | |
| **MICHAEL D. SHONROCK, PH.D., et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion for Protective Order Limiting Plaintiff's Notice to Take Fed. R. Civ. P. 30(b)(6) Deposition of Defendant Emporia State University (**ECF No. 74**). On February 15, 2017, the Court convened a telephone conference to address the pending motion. Plaintiff appeared through counsel, Sean M. McGivern. Defendants appeared through counsel, Austin K. Parker. After review of the parties' written briefing (ECF Nos. 74, 84, 85, 90) and hearing oral arguments of counsel regarding the discovery dispute, the Court announced its ruling during the conference. This order memorializes the oral rulings and **GRANTS IN PART** and **DENIES IN PART** the motion as set forth below.

### I.   Background

Plaintiff, Dr. Rajesh Singh, brings this case against his former employer, Emporia State University ("ESU"), and members of the ESU School of Library and Information Management ("SLIM") administration and faculty. Plaintiff claims his employment was

terminated as a result of discrimination and retaliation under 42 U.S.C. § 1983, and in violation of his rights under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

The parties engaged in significant pretrial discovery, including the taking of approximately 14 depositions.[1]  The most recent Amended Scheduling Order (ECF No. 73) established a discovery deadline of February 13, 2017.  Following the depositions of a number of ESU faculty and administration and within the prescribed discovery deadline, Plaintiff issued a notice to Defendants seeking to depose a representative of ESU under Fed. R. Civ. P. 30(b)(6), requesting the deponent be knowledgeable on a number of topics.  This dispute arose because the parties were unable to agree on the scope of the deposition topics.

Throughout the briefing, and during the in-person hearing, the parties demonstrated their multiple attempts to resolve their differences on this issue, and the Court finds they have sufficiently conferred as required by Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2.  However, despite their attempts, the parties could not resolve their differences of opinion on the proper scope of the Rule 30(b)(6) deposition, leading to Defendants' motion for protective order.

---

[1] The majority of the depositions have been noticed/conducted by Plaintiff (*see* ECF Nos. 33, 41-48, 57, 71, 75) with four depositions being noticed/conducted by Defendants (*see* ECF Nos. 31, 36, 62, 91).

## II.     Legal Standards

Two primary rules are implicated by Defendants' request:  1) Fed. R. Civ. P. 30, which provides parameters for the deposition of an organization; and 2) Fed. R. Civ. P. 26, governing the scope of discovery and standard for protective orders.

### A.     Fed. R. Civ. P. 30(b)(6)

First, under Rule 30(b)(6), the notice of deposition of a public corporation or government entity:

> . . . must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . . The persons designated must testify about information known or reasonably available to the organization.

Caselaw interpreting the rule recognizes the noticed organization may be unable to comply with an overly broad Rule 30(b)(6) notice.[2]  Without the required specificity in the topics noticed for examination, the deponent may be unable to fulfill its duty to produce designated and properly prepared representatives.[3]

"The effectiveness of [Rule 30(b)(6)] bears heavily upon the parties' reciprocal obligations."[4]  While the requesting party is required to designate "with painstaking specificity"[5] the topics for examination, the "responding party must make a

---

[2] *McBride v. Medicalodges, Inc.*, 250 F.R.D. 581, 584 (D. Kan. 2008) (citing *Steil v. Humana Kan. City, Inc.,* 197 F.R.D. 442, 444 (D. Kan. 2000); *Reed v. Bennett,* 193 F.R.D. 689, 692 (D. Kan. 2000)).
[3] *Id*. (internal citations omitted).
[4] *Schneider v. CitiMortgage, Inc.*, No. 13-4094-SAC-KGS, 2016 WL 362488, at *2 (D. Kan. Jan. 28, 2016) (internal citations omitted).
[5] *Id.*

conscientious, good-faith endeavor to designate the persons having knowledge of the matters sought and to prepare those persons in order that they can answer fully, completely, and in a non-evasive manner, the questions as to the relevant subject matters."[6]

### B. Fed. R. Civ. P. 26

Defendants seek to limit Plaintiff's Rule 30 notice, contending the topics for examination lie outside the scope of discovery. Rule 26(b)(1) sets out the general scope of discovery, and as amended in December 2015, states,

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The recent amendment to Rule 26 brings the issue of proportionality—which has long existed as a factor when analyzing limitation on discovery—to the forefront of the analysis.[7]

Defendants' request for a protective order is also governed by another section of Rule 26, specifically Rule 26(c). This rule allows the court to, upon a showing of good cause, "issue an order to protect a party . . . from annoyance, embarrassment, oppression,

---

[6] *McBride*, 250 F.R.D. at 584.
[7] Fed. R. Civ. P. 26(b) advisory committee's note to 2015 amendment ("The present amendment restores the proportionality factors to their original place in defining the scope of discovery. . . . The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes.").

or undue burden or expense, including . . . forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."[8]  The party requesting a protective order bears the burden of demonstrating good cause for it.[9]  To establish good cause, the moving party must offer "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[10]  Even if the moving party sufficiently demonstrates good cause, the Court may consider other factors presented by the party seeking discovery to decide whether the totality of the circumstances justifies entry of a protective order.[11]  The decision to enter a protective order lies within the Court's broad discretion.[12]

### III.     Analysis of Disputes

Although the parties did not provide the Court with a copy of the notice of Rule 30(b)(6) deposition and/or subpoena as required by D. Kan. Rule 37.1, the parties revealed during the motion conference that only a portion of the noticed topics are disputed.  Those topics remaining for consideration are Topic Nos. 2-8 and 10.[13]  Each topic will be discussed individually.

---

[8] Fed. R. Civ. P. 26(c)(1)(D).
[9] *Arenas v. Unified Sch. Dist. No. 223*, No. 15-CV-9359-JWL-TJJ, 2016 WL 6071802, at *2 (D. Kan. Oct. 17, 2016) (citing *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003)).
[10] *Arenas*, 2016 WL 6071802, at *2; and *McBride*, 250 F.R.D. at 583 (each citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)).
[11] *Arenas*, 2016 WL 6071802, at *2 (citing *CitiMortgage, Inc. v. Sanders*, No. 11-2540-EFM-GLR, 2012 WL 6024641, at *2 (D. Kan. Dec. 4, 2012)).
[12] *Arenas*, 2016 WL 6071802, at *2; and *McBride*, 250 F.R.D. at 583 (internal citations omitted).
[13] Although Topics 1, 9, and 11 were included in Defendants' Motion (ECF No. 74), the motion revealed Topics 9 and 11 were removed from the motion during the parties' meet and confer process, and Plaintiff reported during the motion conference he withdrew Topic 1.

**Topic No. 2**

Plaintiff seeks to depose ESU's representative regarding whether other ESU employees were "disciplined, counseled, and/or nonrenewed because of their failure to adhere to the LI 810 common rubric besides Dr. Singh" and wish to examine ESU's representative on any supporting documents. (ECF No. 74 at 6.) Defendants object to this topic as failing to explain the relevance of this topic to Plaintiff's claims, and as disproportional given Defendants' prior document production and deposition testimony. Defendants argue those persons with knowledge of this topic have already been deposed and will offer no additional testimony.

Plaintiff claims his appointment at ESU was non-renewed because of his race, color, and national origin, and his white colleagues were not subjected to the same treatment. Because evidence of ESU's treatment of other colleagues, using the same standard (LI 810 rubric) referenced in Plaintiff's non-renewal, clearly relates to Plaintiff's ultimate claim, the Court finds Topic 2 relevant. Additionally, a Rule 30(b)(6) deposition is distinct from a witness deposition,[14] and, although prior testimony has been provided (snippets of which were provided to the Court for review), the Court does not find additional testimony on this topic from a 30(b)(6) representative is disproportionate, particularly in light of the previous witnesses' inability or unwillingness to recall such information. The objections to Topic 2 are overruled, and Defendant ESU is ordered to

---

[14] *See, e.g.*, *Schneider v. Citimortgage, Inc.*, No. 13-4094-SAC-KGS, 2016 WL 6432929, at *6 (D. Kan. Oct. 31, 2016) (noting, "The court recognizes that plaintiffs should be allowed to proceed with another deposition of [a previous witness] under Rule 30(b)(6) because she has been designated as CitiMortgage's corporate representative.")

prepare and produce a witness in authority with the knowledge and ability to discuss the topic.

**Topic No. 3**

Plaintiff seeks to examine a Rule 30(b)(6) representative regarding "all efforts by Defendants to examine Dr. Singh's blackboard[15] materials." (ECF No. 74 at 9.) Although Defendants argue previous witnesses testified about the blackboard topic, it appears the only person able to access Plaintiff's blackboard account was defendant Dr. Gwen Alexander, the Dean of ESU and Dean of SLIM during Dr. Singh's appointment. From the portion of deposition testimony provided by the parties, it appears Dr. Alexander has testified regarding the topic, but only that she "could" access Plaintiff's account and did not recall if she did. And, although Defendants claim the two most knowledgeable persons have been produced, no one in ESU's technology services department or administration has testified regarding its efforts to determine whether Plaintiff's account was accessed. Defendants' objection to Topic No. 3 is overruled, and Defendants must either prepare and produce a witness to testify on the topic or produce some form of certification that Defendants are unable to ascertain whether Plaintiff's blackboard account was accessed.

---

[15] Although the parties do not define the use of the term "blackboard," through the motion conference it was clarified "blackboard" is an electronic learning environment and course management system utilized at ESU. *See* www.blackboard.com/learning-management-system/blackboard-learn.aspx.

7

### Topic No. 4

Plaintiff also asks to depose an ESU representative on the details of the "LI 810 curriculum team meeting that is referenced in the January 15, 2014 faculty affair committee minutes." (ECF No. 74, at 9.)  Defendants contend the topic is not sufficiently particular nor does the topic explain its relevance.  During the phone conference, Defendants explained all minutes of faculty meetings and related documents were produced, and prior witnesses explained during deposition that the curriculum team does not record the minutes of its meetings.  The Court is satisfied by Defendants' explanations and assured all information which exists regarding Topic No. 4 has been gleaned.  Defendants' objections to Topic No. 4 are sustained.

### Topic No. 5

Plaintiff wishes to gain additional details regarding ESU's decision to both appoint and remove Dr. Singh to ESU's copyright committee. (ECF No. 74 at 10.)   Defendants argue further examination on the topic is disproportionate to the needs of the case, as it has already been fully examined in the depositions of defendants Dr. Gwen Alexander and Dr. Michael Shonrock.  Defendants explained this committee meets irregularly, often only once or twice per year; few records are kept on the topic, and all emails available have been produced.  After review of the parties' written briefs, the deposition excerpts submitted, and the parties' oral arguments, the Court is satisfied by Defendants' explanations and assured all information which exists regarding Topic No. 4 has been gleaned.  Defendants' objections to Topic No. 4 are sustained.

**Topic No. 6**

Plaintiff's 30(b)(6) deposition notice seeks specificity regarding the "decisions to kick Drs. Singh and Tuai[16] out of their offices and change the locks on their offices during their employments with ESU." (ECF No. 74, at 11.)  Although Defendants contend this topic was explored during several prior depositions, Plaintiff argues no one could remember who made the decision or how it was arrived at.  Plaintiff's contentions are borne out by the deposition testimony provided.  Although the topic was explored, the Court does not find additional testimony on this topic from a 30(b)(6) representative is disproportionate, particularly in light of the previous witnesses' inability to recall information.  The objections to Topic 6 are overruled, and Defendant ESU is ordered to produce a witness in authority with the knowledge and ability to discuss the topic.

**Topic No. 7**

Topic No. 7 asks Defendant to provide details regarding the decision to remove Dr. Singh's contact information from the SLIM website prior to the expiration of his faculty appointment. (ECF No. 74, at 11-12.)  Defendants assert the topic was already explored during the deposition of defendant Dr. Andrew Smith, the SLIM website administrator, and Dr. Smith is the most knowledgeable person Defendants could produce on the topic.  But Dr. Smith's prior testimony was he did not know anything about the removal of Dr. Singh's contact information.  It does not appear anyone in ESU's technology services department or administration has testified regarding its efforts

---

[16] On review of the parties' briefing and exhibits, Dr. Cameron Tuai appears to be a former temporary School of Library and Information Management faculty at ESU whose teaching contract was also non-renewed.

9

to determine whether, or how, the removal of Plaintiff's information occurred. Although the topic was explored, the Court does not find additional testimony on this topic from a 30(b)(6) representative is disproportionate, particularly in light of Dr. Smith's inability to recall information. The objections to Topic 7 are overruled, and Defendant ESU is ordered to prepare and produce a witness with the knowledge and ability to discuss the topic.

### Topic No. 8

In Topic No. 8, Plaintiff seeks all drafts, written comments, and emails regarding the November 2013 Faculty Promotion Committee ("FPC") letter recommending nonrenewal of Dr. Singh's employment. (ECF No. 74, at 12.) Defendants contend all responsive documents were produced and all members of the FPC were deposed. On review of the briefing and the oral arguments, it appears prior witnesses testified regarding an initial draft of the non-renewal letter, but no initial draft was produced. The objections to Topic No. 8 are overruled, and defendant ESU must prepare and produce a 30(b)(6) witness most knowledgeable and prepared to discuss all drafts of the non-renewal letter or provide certification the draft discussed in prior testimony does not exist.

### Topic No. 10

Plaintiff asks what ESU did, after it received a retention letter from Plaintiff's former counsel, to preserve documents and ESI. (ECF No. 74 at 13-14.) Defendants argue they have produced the single non-privileged email in their possession regarding

10

implementation of the litigation hold, and expressed some concern during the conference regarding potential disclosure of attorney-client privileged information. Although Defendants are correct their communications with their attorneys are privileged, the actions taken by the college after being notified of the litigation hold are not, without some other showing, subject to privilege.[17] Additionally, the production of a single email does not provide information sufficient to respond to Plaintiff's request. Therefore, Defendants' objections to Topic No. 10 are overruled, and defendant ESU must prepare and produce a witness most knowledgeable and prepared to discuss the university's actions to preserve evidence.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Protective Order Limiting Plaintiff's Notice to Take Fed. R. Civ. P. 30(b)(6) Deposition of Defendant Emporia State University (**ECF No. 74**) is **GRANTED IN PART** and **DENIED IN PART** as set forth above.

**IT IS FURTHER ORDERED** that the Rule 30(b)(6) deposition of defendant ESU's representative(s) will take place on **March 6, 2017**, commencing at 10:00 a.m., and shall continue until such time as the deposition is concluded, **at the U.S. Courthouse**, 401 N. Market, Room 328, Wichita, Kansas.

---

[17] *See, e.g.*, *New Jersey v. Sprint Corp.*, 258 F.R.D. 421, 426 (D. Kan. 2009) (thoroughly discussing the attorney-client privilege, and noting "[r]evealing the general topic of discussion between an attorney and client does not waive the privilege, unless the revelation also reveals the substance of a protected communication"); and *Casson Const. Co. v. Armco Steel Corp.*, 91 F.R.D. 376, 384 (D. Kan. 1980) ("while communications may be privileged, facts are not").

**IT IS FURTHER ORDERED** that the discovery deadline is extended for the purpose of taking the remaining depositions discussed during the conference. The pretrial conference and dispositive motion deadlines and the current trial setting are stayed pending completion of depositions, and new deadlines will be discussed at the conclusion of the 30(b)(6) deposition.

**IT IS SO ORDERED**.

Dated this 22nd day of February, 2017, at Wichita, Kansas.

 s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge