## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Rajesh Singh, Ph.D.,**

      **Plaintiff,**

**v.**                                                                    **Case No. 15-cv-9369-JWL**

**Michael D. Shonrock, Ph.D.; David P. Cordle, Ph.D.;**
**Gwen Alexander, Ph.D.; Andrew J.M. Smith, Ph.D.;**
**and Emporia State University,**

      **Defendants.**

### <u>MEMORANDUM & ORDER</u>

Plaintiff Rajesh Singh, Ph.D., was employed as an assistant professor at Emporia State University on a series of one-year probationary "term" appointments. After plaintiff served five years of a six-year probationary period, the University decided not to renew plaintiff's probationary appointment and offered plaintiff a one-year "terminal" appointment. Plaintiff accepted that offer and his employment terminated at the end of that contract term. He filed a lawsuit alleging that Emporia State University failed to renew his appointment on the basis of his race, color and/or national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Kansas Act Against Discrimination, K.S.A. § 44-1001 et seq.; and that the individual defendants violated his Fourteenth Amendment rights to equal protection and due process and retaliated against him for exercising his First Amendment free-speech rights. Defendants moved for summary judgment on all claims.

On October 12, 2017, the court issued a Memorandum and Order in which it rejected defendant Cordle's qualified immunity defense as to plaintiff's First Amendment retaliation

claim and denied summary judgment on that claim.  The court granted the motion in all other

respects.  Defendant Cordle filed a notice of interlocutory appeal.  This matter is presently

before the court on plaintiff's motion for leave to take interlocutory appeal.  The motion is

unopposed.  As will be explained, the motion, which the court construes as a motion for

certification under Rule 54(b), is granted.

In his motion, plaintiff asserts that it is more efficient for the Circuit to address issues that

plaintiff intends to appeal at this juncture rather than in a separate subsequent appeal.  The court

agrees.  The only remaining claim in this case is currently on appeal such that the case is stayed

in any event and it makes sense for the Circuit to review at this time all the issues that the parties

intend to appeal.  In his motion, however, plaintiff asks the court to make findings required by

28 U.S.C. § 1292(b) so that he may pursue his appeal.  28 U.S.C. § 1292(b) provides as follows:

> When a district judge, in making in a civil action an order not otherwise
> appealable under this section, shall be of the opinion that such order involves a
> controlling question of law as to which there is substantial ground for difference of
> opinion and that an immediate appeal from the order may materially advance the
> ultimate termination of the litigation, he shall so state in writing in such order. The
> Court of Appeals which would have jurisdiction of an appeal of such action may
> thereupon, in its discretion, permit an appeal to be taken from such order, if
> application is made to it within ten days after the entry of the order:  Provided,
> however, That application for an appeal hereunder shall not stay proceedings in
> the district court unless the district judge or the Court of Appeals or a judge
> thereof shall so order.

*Id.*; *see also Rural Water Dist. No. 4 v. City of Eudora*, 720 F.3d 1269, 1278 (10th Cir. 2013).

The court does not believe that the issues asserted by plaintiff in his motion are ones as to which

there is "substantial ground for difference of opinion."  Nonetheless, the court, pursuant to

Federal Rule of Civil Procedure 54(b), will certify its October 12, 2017 ruling as a final

judgment so that plaintiff may pursue an appeal of those issues.

Rule 54(b) provides in pertinent part:

> When an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).   This rule "preserves the historic federal policy against piecemeal appeals—a policy that promotes judicial efficiency, expedites the ultimate termination of an action and relieves appellate courts of the need to repeatedly familiarize themselves with the facts of a case." *See Oklahoma Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001) (citation and internal quotation omitted).

> Rule 54(b) entries are not to be made routinely.  Indeed, trial courts should be reluctant to enter Rule 54(b) orders since the purpose of this rule is a limited one: to provide a recourse for litigants when dismissal of less than all their claims will create undue hardships.  Thus, a certification under Rule 54(b) is only appropriate when a district court adheres strictly to the rule's requirement that a court make two express determinations.  First, the district court must determine that the order it is certifying is a final order.  Second, the district court must determine that there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case.

*See id.* at 1242 (citations and internal quotations omitted).

> In making these determinations, the district court should act as a "dispatcher" weighing Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal.  Factors the district court should consider are whether the claims under review are separable from the others remaining to be adjudicated and whether the nature of the claims already determined are such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.

*See Stockman's Water Co. v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005) (citations and internal quotations omitted).

Because defendant Cordle has already filed an appeal as to the one remaining claim in this case and the court granted summary judgment on all other claims, there is no just reason to

3

delay here and an immediate appeal in this context promotes efficiency for the Circuit and the parties. Moreover, the claims that plaintiff seeks to appeal are entirely separate from the one claim that remains to be adjudicated—and, as noted, that one claim is on appeal in any event. In such circumstances, the court concludes that Rule 54(b) certification is appropriate and it certifies its October 17, 2017 Memorandum and Order as a final order as to all claims and issues on which the court granted summary judgment.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion for leave to take interlocutory appeal is construed as a motion for Rule 54(b) certification and is **granted.**

**IT IS FURTHER ORDERED BY THE COURT THAT** its October 12, 2017 Memorandum and Order is final under Rule 54(b) with respect to all claims and issues on which the court granted summary judgment.

**IT IS SO ORDERED.**

Dated this 14th day of November, 2017, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

4